# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Burns and Nicholas
Kyriazi,
                     Appellants

            v.

City of Pittsburgh Zoning Board of
Adjustment and Lockhart Tire, Inc.

:
:
:
:
:
:   No. 906 C.D. 2024
:   Argued: May 6, 2025
:
:
:

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: July 15, 2025

Barbara A. Burns (Burns) and Nicholas Kyriazi (Kyriazi) (together, Objectors) appeal from the June 7, 2024 Order of the Court of Common Pleas of Allegheny County (common pleas) affirming the decision of the City of Pittsburgh Zoning Board of Adjustment (Board) that approved Lockhart Tire, Inc.'s (Lockhart Tire) request for special exceptions and variances under the Zoning Code of the City of Pittsburgh (Code) for an off-site parking area.[1] After careful review, we reverse common pleas' Order because there is no evidence that the off-site parking was an alternative to meeting the Code's off-street parking requirements, which is a prerequisite to obtaining a special exception for off-site parking under the Code.

---

[1] ZONING CODE OF THE CITY OF PITTSBURGH, PENNSYLVANIA (CODE), which appears in Title Nine of the Pittsburgh Code, §§ 901.01-926.

## I.    BACKGROUND

Lockhart Tire operates a legally nonconforming vehicle service and repair business at 507 Lockhart Street and owns the property located at 402 Kilday Way (Property), directly across the street from Lockhart Tire. (Board Decision, Findings of Fact (FOF) ¶¶ 1, 5-6.)[2]  Both are located in an R1A-VH (Residential One Unit Attached Very High Density) District. (*Id.* ¶¶ 1, 6.)  The Property is currently vacant and has the approximate dimensions of 18 feet, 6 inches by 76 feet (about 1,406 square feet). (*Id.* ¶ 3.)  There is a house on the lot adjacent to the Property, located at 510 Pressley Street, which has two chimneys that encroach two feet and nine inches onto the Property, leaving the "usable width" of the Property at approximately 15 feet, 9 inches. (*Id.* ¶¶ 4-5.)

Lockhart Tire filed an application with the Board[3] seeking special exceptions and dimensional variances from various provisions of the Code to use the Property as an off-site parking area, with seven compact parking spaces with a zero-foot setback from the front property line on Kilday Way and a two-foot, nine-inch setback from the rear property line. (*Id.* ¶¶ 7-9.)[4]  Lockhart Tire also indicated that it would landscape both ends of the Property and install an ornamental fence on the Property at the Pressley Street property line. (*Id.* ¶ 10.)

---

[2] The Board Decision is located on pages 76a-80a of the Reproduced Record.
[3] Prior to filing the application, Lockhart Tire had already converted the Property into parking, which resulted in it being found in violation of the Code. (Reproduced Record at 9a.)
[4] Lockhart Tire sought variances from Sections 912.04.A, 912.04.B, 914.06.A, and 914.09.H.2 of the Code, CODE §§ 912.04.A, 912.04.B, 914.06.A, 914.09.H.2, and special exceptions pursuant to Sections 914.07.G.2(a), 916.04.C, and 916.09 of the Code, CODE §§ 914.07.G.2(a), 916.04.C, 916.09.

*A.    The Board Proceedings and Decision*

The Board held a hearing, where Lockhart Tire "explained that [it] intends to use the parking spaces to stage vehicles during service, and that the compact dimensions of the spaces would be sufficient to park vehicles without encroaching into the Kilday Way right-of-way." (*Id.* ¶ 11.)  Lockhart Tire presented evidence including site plans for the Property, a survey of the Property, and testimony from representatives and landscape architects.  (Reproduced Record (R.R.) at 4a, 48a-64a.)  Multiple neighborhood residents appeared and testified in support of the proposed use of the Property, specifically noting "that allowing the proposed parking on the [] Property would generally improve parking conditions in the area."  (FOF ¶ 14.)

Objectors appeared at the hearing to oppose Lockhart Tire's request.  (*Id.* ¶¶ 15-17.)  Specifically, Kyriazi "express[ed] concerns about the impact of the parking on the residential character of the surrounding neighborhood" and submitted a copy of a 1986 Board decision denying a similar request by Lockhart Tire.  (*Id.* ¶¶ 15-16.)  Burns testified that there has been "commercial intrusion into the area since the 1980s" and that the Property "could be used for residential use or a side yard."  (*Id.* ¶ 17.)

The Board issued its decision approving Lockhart Tire's application and the requested special exceptions and variances, "subject to the condition that the landscaping and ornamental fence, as described to the Board, shall be installed." (Board Decision at 5.)  The Board noted:

> To allow for parking on a separate lot from [the] lot where the use that the parking would support is located, [Lockhart Tire] seeks a special exception pursuant to Section 914.07.G.2(a) [of the Code] to allow off-site parking.  The special exception criteria for that use include[s] that off-site parking spaces are to be located within 1,000 feet of the primary

3

entrance of the use served; that the off-site parking location is to be in the same zoning district as the use served; and, if the off-site parking area is not under the same ownership as the primary use, a written agreement for the parking is to be recorded.

(Board Decision, Conclusion of Law (COL) ¶ 2.) The Board further noted:

For the use of the [] Property for parking spaces, [Lockhart Tire] requests variances from the front and rear setback standards for accessory uses, as set forth in Sections 912.04.A and 912.04.8 [of the Code], and a special exception pursuant to Sections 916.04.C and 916.09 [of the Code] to allow waiver of the residential compatibility setbacks for the seven parking spaces.

Because [Lockhart Tire] proposes to provide all compact spaces, [Lockhart Tire] seeks a variance from Section 914.09.H.2 [of the Code], which limits the number of compact spaces, and from Section 914.06.A [of the Code], which requires that commercial parking areas are to contain a van accessible space.

(*Id.* ¶¶ 4-5.)

The Board found that Lockhart Tire proffered sufficient evidence to demonstrate compliance with the requirements for the requested special exceptions and variances, reasoning that Lockhart Tire

presented credible evidence that the dimensions of the lot and the encroachment of the structure on the adjacent parcel onto the [] Property, which further narrows the usable width of the [P]roperty, preclude feasible development for a permitted residential use and that use of the [Property] for parking spaces that would support the existing nonconforming Lockhart Tire use on the parcel across Kilday Way would not have a significant impact on the surrounding neighborhood. The Board did not find the assertions that the [P]roperty could be viably used for a residential use to be credible, particularly given the encroachment of the structure on the adjacent parcel onto the [] Property.

[Lockhart Tire] also provided credible testimony that the compact spaces would be large enough to park vehicles without encroaching into

4

the Kilday Way right-of-way, and that it would not be necessary to provide a van accessible space because the parking area is not intended for public use.

(*Id.* ¶¶ 6-7.) Thus, "[c]onsistent with the evidence and testimony presented, and the applicable legal standards governing variances and special exceptions, the Board conclude[d] that approval of the request is appropriate." (*Id.* ¶ 10.)[5]

### B. Appeal to Common Pleas

Objectors appealed to common pleas, asserting that the Board's Decision was "capricious, arbitrary, contrary to law, not supported by substantial evidence, and constitute[d] an abuse of discretion," and, therefore, requested reversal of that decision. (R.R. at 84a, 86a.) The City of Pittsburgh (City) and Lockhart Tire both intervened in the appeal to common pleas. (*Id.* at 95a-101a.)

Without taking additional evidence, common pleas affirmed the Board's Decision and denied the appeal. Based on its review of the record, common pleas held, in pertinent part, that the Board "properly found that Lockhart Tire met its burden under each of the relevant sections for special exceptions" and "properly found that Lockhart Tire met its burden under each of the relevant sections for dimensional variances." (Common Pleas' Opinion (Op.) at 4, 7.)[6] Therefore, common pleas concluded that "the Board properly weighed the evidence . . . and

---

[5] The Board also considered a 1986 decision wherein a different composition of the Board denied a request by Lockhart Tire's prior owner to use the Property for parking. In concluding that the Board was not bound by the 1986 decision, the Board determined that "the neighborhood has changed to include multi-unit residential use across Pressley Street, in an RM-M District, and that on-street parking conditions have also changed" and, further, that "[t]he location of [a] large grocery store across from the [] Property, in a CP District, also indicate[s] that the character of the neighborhood is not limited to single-family residential units." (Board's Decision, COL ¶¶ 8-9.) Objectors challenged this conclusion on appeal to common pleas, which held that the doctrines of res judicata and collateral estoppel did not bar the Board's Decision. However, Objectors do not challenge that ruling on appeal to this Court.

[6] Common pleas' opinion is located on pages 106a-114a of the Reproduced Record.

found that Lockhart Tire established the conditions necessary for the special exceptions and dimensional variances . . . . [and the Board's D]ecision is[, therefore,] affirmed and the appeal is denied." (*Id*. at 9.)[7] Objectors now appeal to this Court.

## II.    DISCUSSION

Objectors raise multiple issues on appeal, which we have reordered for ease of discussion.[8] First, Objectors contend that the Board erred by granting the requested variances because Lockhart Tire did not satisfy the variance criteria and that the Board's findings were not supported by substantial evidence. Second, Objectors argue that the Board erred by approving the special exceptions when Lockhart Tire did not produce substantial evidence to support the grant of the requested special exceptions. Third, Objectors argue the Board, under the guise of dimensional variances and special exceptions, essentially granted Lockhart Tire a use variance, even though Lockhart Tire did not apply for one. Because the second and third issues, which are interrelated, are determinative, we begin with them.

Objectors contend that Lockhart Tire did not meet the threshold requirements for a special exception and, as such, it was error for the Board to grant the requested

---

[7] Common pleas also considered the City's challenge to Objectors' standing, holding that the issue of standing was waived because it was not raised before the Board. (Common Pleas' Op. at 3 (citing *Cohen v. Zoning Bd. of Adjustment*, 417 A.2d 852 (Pa. Cmwlth. 1980)).)

[8] "Where, as here, [] common pleas [] has not taken additional evidence in a zoning appeal, this Court reviews the [Board's] decision for an error of law or a manifest abuse of discretion." *1825 Rt. 309 Allentown, LLC v. Zoning Hearing Bd. of South Whitehall Twp.*, 309 A.3d 187, 190 n.2 (Pa. Cmwlth. 2024) (citation omitted). The Board "abuses its discretion when it makes material findings of fact not supported by substantial evidence." *Monroe Land Inv. v. Zoning Bd. of Adjustment*, 182 A.3d 1, 9 (Pa. Cmwlth. 2018) (citation omitted). In turn, "'[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). "The [Board], as fact-finder, determines the credibility of witnesses and the weight afforded to their testimony." *Id.* Thus, "[a] reviewing court[,] may not substitute its judgment for that of the [] [B]oard; rather, th[is C]ourt is bound by the [] [B]oard's determinations of witness credibility and evidentiary weight." *In re Rural Route Neighbors*, 960 A.2d 856, 860 (Pa. Cmwlth. 2008).

special exceptions. By granting Lockhart Tire a special exception to use the Property for 7 off-site parking spaces, which were in addition to the 21 off-street spaces it already had, Objectors contend Lockhart Tire needed a use variance, which it did not seek, because nonresidential parking is not permitted on an R1A-VH lot.[9]

Lockhart Tire responds arguing that the "Board properly found that Lockhart [Tire] was entitled to the two requested special exceptions . . . , as the [a]pplication meets all requirements set forth in the Code and would benefit the surrounding community relative to traffic circulation and available on-street parking." (Lockhart Tire's Br. at 10.) According to Lockhart Tire, because it satisfied its burden, the burden then shifted to Objectors "to prove that there is a high degree of probability the proposed use will adversely affect the welfare of the community in a way not normally expected from the type of use," which they did not do. (*Id*. at 17, 20.) Thus, it was proper for the Board to grant the special exceptions.

"A special exception is a conditionally permitted use, allowed by the [local] legislature if specifically listed standards are met." *In re Appeal of Brickstone Realty Corp.*, 789 A.2d 333, 340 (Pa. Cmwlth. 2001). In other words, "[g]enerally speaking, a special exception is not an exception to a zoning ordinance, but rather a use which is expressly permitted, absent a showing of a detrimental effect on the community." *Siya Real Est. LLC v. Allentown City Zoning Hearing Bd.*, 210 A.3d 1152, 1157 (Pa. Cmwlth. 2019) (internal quotation marks, brackets, and citation omitted).

In *Siya*, we explained that:

---

[9] Objectors also argue the proposed use is more akin to development of the Property, which "requires a Zoning Development Review application in the Department of City Planning to the Zoning Administrator." (Objectors' Brief (Br.) at 30.) According to Objectors, the "Board [only] has jurisdiction over applications for 'accessory-use parking plans for large facilities' [of ]more than 10 vehicles[]." (*Id*. at 32.)

"[a]n applicant for a special exception has both the duty of presenting evidence and the burden of persuading the [board] that his proposed use satisfies the objective requirements of the zoning ordinance for the grant of a special exception." *Berner v. Montour Twp. Zoning Hearing Bd.*, 176 A.3d 1058, 1069 (Pa. Cmwlth.), *appeal granted in part on other grounds*, 190 A.3d 593 (Pa. 2018) (citing *Manor HealthCare* [*Corp. v. Lower Moreland Twp. Zoning Hearing Bd.*, 590 A.2d 65 (Pa. Cmwlth. 1991)]). "Once the applicant meets his burden of proof and persuasion, a presumption arises that [the proposed use] is consistent with the health, safety and general welfare of the community." *Id.* "The burden then normally shifts to the objectors to the application to present evidence and persuade the [board] that the proposed use will have a generally detrimental effect on health, safety, and welfare." *Id.* "The evidence presented by objectors must show, to a high degree of probability, that the use will generate adverse impacts not normally generated by this type of use and that these impacts will pose a substantial threat to the health and safety of the community." *Id.*

*Siya Real Est.*, 210 A.3d at 1157.

Among the relief requested by Lockhart Tire was a special exception to permit the Property to be used for off-site parking. Thus, it was required to satisfy the general standards governing special exceptions under Section 922.07.D.1 of the Code, and the more specific standards applicable to off-site parking under Section 914.07.G.2(a) of the Code. Section 922.07.D.1 provides:

> The [Board] shall approve Special Exceptions only if (1) the proposed use is determined to comply with all applicable requirements of this Code and with adopted plans and policies of the City and (2) the following general criteria are met:
>
> > (a) That the development will not create detrimental visual impacts, such that the size and visual bulk of the proposed development is determined to create an incompatible relationship with the surrounding built environment, public streets and open spaces and land use patterns;

(b) That the development will not create detrimental transportation impacts, such that the proposed development is determined to adversely affect the safety and convenience of residential neighborhoods or of vehicular and pedestrian circulation in the vicinity of the subject tract;

(c) That the development will not create detrimental transportation impacts, such that the proposed development will result in traffic volumes or circulation patterns that substantially exceed the capacity of streets and intersections likely to be used by traffic to and from the proposed development;

(d) That the development will not create detrimental operational impacts, including potential impacts of hours of operation, management of traffic, servicing and loading operations, and any on-site operations associated with the ongoing functions of the use on the site, in consideration of adjacent and surrounding land uses which may have differing sensitivities to such operational impacts;

(e) That the development will not create detrimental health and safety impacts, including but not limited to potential impacts of noise, emissions, or vibrations from the proposed development, or functions within the proposed site which would otherwise affect the health or safety of others as a direct result of the operation of the proposed use;

(f) That the development will not create detrimental impacts on the future and potential development of parcels in the vicinity of the proposed site of the development; and

(g) That the development will not create detrimental impacts on property values.

CODE, § 922.07.D.1.

In addition, Section 914.07.G.2(a) of the Code sets forth more specific criteria for off-site parking, providing:

The [Board] shall be authorized, in accordance with the Special Exception provisions of Sec[tion] 922.07, to consider and approve **any alternative to providing off-street parking spaces** on the site of the subject development if the applicant demonstrates to the satisfaction of the [Board] that the proposed plan will result in a better situation with respect to surrounding neighborhoods, citywide traffic circulation and urban design than would strict compliance with otherwise applicable off-street parking standards.

(a) Off-Site Parking.  The [Board] shall be authorized, in accordance with the Special Exception provisions of Sec[tion] 922.07, to **permit all or a portion of the required off-street parking spaces to be located on a remote and separate lot** from the lot on which the primary use is located, subject to the following standards.

(1) Location

No off-site parking space shall be located more than one thousand (1,000) feet from the primary entrance of the use served, measured along the shortest legal, practical walking route. This distance limitation may be waived by the [Board] if adequate assurances are offered that van or shuttle service will be operated between the shared lot and the primary use.

(2) Zoning Classification

Off-site parking areas shall be considered accessory uses of primary uses that the parking spaces are intended to serve.  Off-site parking areas shall require the same or a less restrictive zoning classification than that required for the use served.

(3) Report from Planning Director

The [Board] shall request a report and recommendation from the Planning Director on the planning aspects of the proposed shared parking use.

(4) Off-Site Parking Agreement

> In the event that an off-site parking area is not under the same ownership as the primary use served, a written agreement among the owners of record shall be required. An attested copy of the agreement between the owners of record shall be submitted to County Recorder's Office for recordation on forms made available in the office of the Zoning Administrator. Proof of recordation of the agreement shall be presented to the Zoning Administrator prior to issuance of a building permit. An off-site parking agreement may be revoked by the parties to the agreement only if off-street parking is provided on-site pursuant to Sect[ion] 914.02.A or if an Alternative Access and Parking Plan is approved by the [Board] pursuant to Sec[tion] 914.07.

CODE, § 914.07.G.2(a) (underlining and internal citation omitted) (emphasis added).

Here, the Board focused on the four criteria in Section 914.07.G.2(a)(1)-(4), (Board's Decision, COL ¶ 2), but it did **not** address the threshold matter of whether the off-site parking sought was an "**alternative** to providing off-street parking spaces." CODE, § 914.07.G.2 (emphasis added). The Code expressly authorizes the Board to grant a special exception for off-site parking only "to permit all or a portion of the **required** off-street parking spaces to be located on a remote and separate lot from the lot on which the primary use is located." CODE, § 914.07.G.2(a) (emphasis added). The Code sets forth a schedule of the minimum number of off-street parking spaces required and the maximum number of off-street parking spaces allowed. CODE, § 914.02. Inadequate off-street parking to meet the requirements of the Code is a prerequisite to the entitlement of a special exception for off-site parking under Section 914.07.G.2.

This was one of the reasons Kyriazi opposed Lockhart Tire's request at the hearing before the Board. (*See* R.R. at 19a-20a (arguing Lockhart Tire has applied for off-site parking but "[t]his is not a case in which [Lockhart Tire] is seeking to satisfy off-street parking requirements").) However, although Objectors raised this

11

issue before the Board, the Board did not address it. Objectors also raised this issue in their brief to common pleas. (Original Record (O.R.) Item 12 at 30 & n.12.) Common pleas similarly did not address this issue.

At the hearing, Lockhart Tire's witness testified that Lockhart Tire "would like to use the [P]roperty to supplement [the] business's parking needs" and that Lockhart Tire currently has 21 permitted spaces. (R.R. at 7a.) The witness further testified that the intent was that only employees would utilize the off-site parking to stage vehicles for service. (*Id.* at 8a.) As the applicant, Lockhart Tire had the burden of showing its proposal meets the objective requirements of the Code. *Siya Real Est.*, 210 A.3d at 1157. It did not do so here, as there is no evidence of record that the additional parking for which Lockhart Tire sought to use the Property was needed to fulfill its off-street parking obligations under the Code. As stated above, if the requested off-site parking is not an alternative to the required off-street parking, Lockhart Tire cannot avail itself of the special exception provision in Section 914.07.G.2. Accordingly, on this record, the Board erred in granting the special exception to allow Lockhart Tire to use the Property for off-site parking.

## III. CONCLUSION

For the foregoing reasons, we reverse.[10]

_____
RENÉE COHN JUBELIRER, President Judge

---

[10] Given our disposition, it is unnecessary to address Objectors' remaining issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Burns and Nicholas     :
Kyriazi,     :
              Appellants     :
    :
            v.     :    No. 906 C.D. 2024
    :
City of Pittsburgh Zoning Board of     :
Adjustment and Lockhart Tire, Inc.     :

# **O R D E R**

**NOW**, July 15, 2025, the Order of the Court of Common Pleas of Allegheny County, dated June 7, 2024, is REVERSED.

_____
RENÉE COHN JUBELIRER, President Judge